

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| v. | * Criminal No. 14-0027 TJS |
| WESLEY BURNETT | * |
| Defendant | * |

### DEFENDANT'S DEMAND FOR DISCOVERY AND INSPECTION

The Defendant, Wesley Burnett, by and through his attorneys, A. Donald C. Discepolo, J. Teigen Hall, Andrew Toland, and Discepolo, moves pursuant to Rule 16 of the Federal Rules of Criminal Procedure for the disclosure and production of the following material and information from the U.S. Attorney's Office, members of his staff, and any others who have participated in the investigation or evaluation of this case.

#### Definitions

These terms have the following meanings:

a. Defendant. "Defendant" means Wesley Burnett.

b. Defense. "Defense" means an attorney for the defendant or a defendant who is acting without an attorney. Here, "Defense" means the undersigned.

c. Defense Witness. "Defense witness" means a witness whom the defense intends to call at a hearing or at trial.

d. Oral Statement. "Oral statement" of a person means the substance of a statement of any kind by that person, whether or not reflected in an existing writing or recording.

e. Provide. Unless otherwise agreed by the parties or required by Rule or order of court, "provide" information or material means (A) to send or deliver it by mail, e-mail, facsimile

transmission, or hand-delivery, or (B) to make the information or material available at a specified location for purposes of inspection if sending or delivering it would be impracticable because of the nature of the information or material.

f.  Government's witness. "Government's witness" means a witness whom the U.S. Attorney intends to call at a hearing or at trial.

g.  Written Statement. "Written statement" of a person: (i) includes a statement in writing that is made, signed, or adopted by that person; (ii) includes the substance of a statement of any kind made by that person that is embodied or summarized in a writing or recording, whether or not signed or adopted by the person; (iii) includes a statement contained in a police or investigative report; but (iv) does not include attorney work product.

### Continuing Duty to Disclose

Pursuant to Rule 16(c), should the government discover additional evidence or material before or during trial, the government must promptly disclose its existence to the Defendant or the court if:

(i)  the evidence or material is subject to discovery or inspections under the Federal Rules of Criminal Procedure; and

(ii) the Defendant had previously requested, or the court ordered, its production.

### Defendant's Oral Statements

1.  Pursuant to Rule 16(a)(1)(A), the substance of any relevant or oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

### Defendant's Written or Recorded Statement

2. Pursuant to Rule 16(a)(1)(B), the government must disclose to the Defendant, and make available for inspection, copying, or photographing, all of the following:

   (i) any relevant written or oral statement by the Defendant if:

   - the statement is within the government's possession, custody, or control; and

   - the U.S. attorney knows – or through due diligence could know – that the statement exists.

   (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendant made the statement in response to interrogation by a person the Defendant knew was a government agent; and

   (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

### Defendant's Prior Record

3. Pursuant to Rule 16(a)(1)(D), a copy of the Defendant's prior criminal record that is within the government's possession, custody or control if the attorney for the government knows – or through due diligence could know – that the record exists.

### Documents and Objects

4. Pursuant to Rule 16(a)(1)(E), the opportunity to inspect and to copy or photograph any/all books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and:

       (i)       the item is material to preparing the defense;

       (ii)      the government intends to use the item in its case-in-chief at trial; or

       (iii)     the item was obtained from or belongs to the Defendant.

### Reports of Examinations and Tests

5.    Pursuant to Rule 16(a)(1)(F), the government must disclose to the Defendant, and make available for inspection, copying, or photographing the results or reports of any physical or mental examination and of any scientific test or experiment if:

       (i)       the item is within the government's possession, custody or control;

       (ii)      the attorney for the government knows – or through due diligence could know – that the item exists; and

       (iii)     the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

### Expert Witnesses

6.    Pursuant to Rule 16(a)(1)(G), the government must give the Defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision Rule 16(b)(1)(C)(ii) and the defendant complies, the government must give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Respectfully submitted,

*(signature)*

A. Donald C. Discepolo (Bar # 25525)
Don@discepolollp.com
J. Teigen Hall (Bar # 29577)
Teigen@discepolollp.com
Andrew J. Toland III (Bar #05057)
Andy@discepolollp.com
DISCEPOLO LLP
111 South Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 296-0780
Telefax: (410) 296-2263
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of March, 2014, a copy of the foregoing was delivered via U.S. mail, first class postage prepaid, to: Office of the United States Attorney, 36 S. Charles Street, Fourth Floor, Baltimore, Maryland 21201; and Anthony D. Martin, Esq., Anthony D. Martin, PC, Greenway Center Office Park, 7501 Greenway Center Drive, Suite 460, Greenbelt, Maryland 20770.

*(signature)*

A. Donald C. Discepolo